# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:02 cr 54-1 and 1:08 cr 91-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JAMES LEWIS NELSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a Violation Report (#67) filed in the above entitled cases by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that the Defendant had violated terms and conditions of his prehearing release. At the call of this matter on for hearing it appeared the Defendant was present with his counsel, Charles R. Brewer, and the Government was present through Assistant United States Attorney, John Pritchard, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through his attorney, admitted the allegations contained in the Violation Report (#67). In the

1

above entitled files, a Petition was filed on April 3, 2013 alleging that Defendant had violated terms and conditions of his supervised release in each case.

The violations allege that Defendant had tested positive for the use of marijuana and had admitting using marijuana. A hearing was held before the undersigned on April 15, 2013 and the undersigned released Defendant on terms and conditions of prehearing release (#63). Included in those conditions were the following:

> (1) That the defendant shall not violate any federal, state or local law while on release;
>
> (8)(p) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On June 14, 2013, Defendant submitted to an urinalysis drug test at which time Defendant tested positive for the use of marijuana. Defendant then admitted he had used marijuana on or about June 9, 2013.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any

other condition of release; and
(2)    finds that ---
(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe the Defendant committed at least a state crime while on release. The Defendant possessed marijuana so he could consume that substance. That possession violated at least state law. N.C.G.S. § 90-95(a)(3)

There has further been shown by clear and convincing evidence that Defendant violated another condition of release in that it has been shown by clear and convincing evidence that Defendant used marijuana after he had been ordered to refrain from use or unlawful possession of a narcotic drug unless it was prescribed by a licensed medical practitioner. Defendant has clearly violated this condition by possessing and using marijuana, which is a drug which is not prescribed by licensed medical practitioners.

Due to the findings made above, it appears that it is unlikely Defendant will

abide by any condition or combination of conditions of release that would preclude his use of marijuana.  As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an Order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED**  the Defendant be detained pending further proceedings in this matter.

Signed: June 25, 2013

_____

Dennis L. Howell
United States Magistrate Judge